Per Curiam.

It is admitted that decedent died of coronary thrombosis, that the heart attack began while decedent was in the crane cab, and that such attack was not caused by anything arising out of his employment. Claimant’s contention is that the jarring and shaking of decedent’s body, caused by the crane’s impact with the bumper or crane stop while decedent was “blacked out,” was a sudden mishap or accidental occurrence, and that decedent’s pre-existing heart condition was aggravated and death accelerated by such sudden mishap.
A physician called as an expert witness, in answer to a hypothetical question, stated that in his opinion decedent’s heart attack began while he was in the crane cab and continued uninterrupted until his death an hour later, and that the jolting or shaking was enough to cause an acceleration of death. However, the physician did not state that the jolting or shaking was substantial or by what period of time death was accelerated. Two other expert witnesses testified that in their opinion there was no direct causal relationship between the injury decedent suffered in the cab and the death, and, in answer to a question whether, assuming decedent fell to the floor of the cab, “would that in your opinion be an accelerating factor in this case, would it aggravate the existing attack which began in the cab,” one expert witness replied that, “if it did, the possibility is very slight, ’ ’ and that the trauma had no effect whatsoever on deee-' dent’s death.
In order to recover, claimant must establish that the death of her husband was accelerated by a substantial period of time as a direct and proximate result of the accidental injury. In *254 support of her claim, claimant has not produced sufficient evidence to warrant the submission of the case to a jury.
The judgment of the Court of Appeals is reversed and final judgment rendered for appellant on authority of McKee v. Electric Auto-Lite Co., 168 Ohio St., 77, 151 N. E. (2d), 540, and Senvisky v. Truscon Steel Division of Republic Steel Corp., 168 Ohio St., 523, 156 N. E. (2d), 724.

Judgment reversed.

Weygandt, C. J., Zimmerman, Matthias and Herbert, JJ., concur.
Taet, Bell and Peck, JJ., dissent.